**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4537**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

MAURICE DEVLON HAIRE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:03-cr-00050-F-1)

Submitted:  July 25, 2016          Decided:  August 16, 2016

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Devlon Haire appeals the 60-month sentence imposed upon the revocation of supervised release. We affirm.

We will uphold "a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.' United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). Haire conceded that he received the statutory maximum term of imprisonment. The remaining question therefore is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we consider whether it is "plainly" so. United States v. Crudup, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court expressly considered the Chapter Seven policy statement range and the applicable statutory sentencing factors. Id. A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a

2

post-conviction sentence, but it still 'must provide a statement of reasons for the sentence imposed.'" United States v. Thompson, 595 F.3d at 547 (quoting United States v. Moulden, 478 F.3d at 657).

We conclude that Haire's sentence is procedurally and substantively reasonable. The district court stated that it had considered relevant § 3553(a) factors, and the court was clearly aware of Haire's policy statement range. Further, the court provided a sufficiently individualized assessment in fashioning Haire's revocation sentence. In this regard, the court was troubled both by Haire's criminal record and his persistent drug use. Given his repeated use of drugs, the court found that Haire had made no meaningful effort towards rehabilitation, despite his argument to the contrary.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED